IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOARD OF TRUSTEES,<br>NATIONAL SHOPMEN<br>PENSION FUND<br>　　1750 New York Avenue, NW<br>　　Washington, DC  20006<br><br>　　Plaintiff,<br>v.<br><br>NORTHERN STEEL CORP.,<br>　　364 East Avenue<br>　　Oswego, NY  13126<br><br>and<br><br>OSWEGO AMUSEMENTS, INC.,<br>　　300 East Albany Street<br>　　Oswego, NY  13126<br><br>and<br><br>GDR ENTERPRISES OF<br>OSWEGO, INC.,<br>　　364 East Ave.<br>　　Oswego, NY 13126<br><br>and<br><br>SPEEDWAY PRESS, INC.,<br>　　1 Burkle Street<br>　　Oswego, NY 13126<br><br>and<br><br>R. J. CARUSO ENTERPRISES INC.,<br>　　364 East Avenue<br>　　Oswego, NY  13126<br><br>and | Case No. <u>1:05CV01479</u> |

| | |
|---|---|
| **GEORGE CARUSO, JR.,**<br>    **1 Burke Street**<br>    **Oswego, NY 13126**<br><br>and<br><br>**ROMAO CARUSO,**<br>    **796 County Route 53**<br>    **Oswego, NY 13126)**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Complaint

Plaintiff, the Board of Trustees of the National Shopmen Pension Fund, by counsel allege the following as its Complaint against Defendants, Northern Steel Corp, Oswego Amusements, Inc., GDR Enterprises of Oswego, Inc., Speedway Press, Inc., R.J. Caruso Enterprises Inc., Romao Caruso, and George Caruso, Jr.

## Introduction

1.   This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. (1982). Plaintiff seeks a judgment awarding withdrawal liability, interest, and liquidated damages incurred by an employer as a result of a withdrawal from the National Shopmen Pension Fund ("Fund"), a multiemployer pension plan, as well as an award of the fees and costs incurred by the Fund to collect the amounts due resulting from Defendants' withdrawal. Defendant Northern Steel Corp. was principally engaged in the fabrication of iron, steel, metal, and other products, and the business of said Defendant affected commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Defendants in this case constitute a single "employer"

within the meaning of § 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), are a Control Group within the meaning of the Internal Revenue Code Section 414(c), and are joint and severally liable for the withdrawal liability of Northern Steel Corp.

### Subject Matter Jurisdiction

2. This is an action to collect withdrawal liability, interest and penalties incurred by an employer as a result of its withdrawal from a multiemployer pension plan.

3. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because such action arises under a federal law -- the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461.

4. Additionally, this Court has specific subject matter jurisdiction over this action under §§ 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

5. Plaintiff alleges federal claims against the Defendants under §§ 4201, 4212(c), 4301(a)(1) of ERISA, 29 U.S.C. §§ 1381, 1392(c), 1451(a)(1) and under the federal common law of ERISA.

### Jurisdiction and Venue

6. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 1132 and by 29 U.S.C. § 185. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought, at Plaintiffs' discretion, in the district where the plans are administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). The Fund on whose behalf Plaintiff brings this action is administered in this district

from its principal place of business in Washington, DC. Venue is also properly laid in this district because the Fund is administered in this district and the breach of the collective bargaining agreement and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurs within this district as it is within this district that the relevant provisions of the collective bargaining agreement are required to be performed. Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391(b)(2).

### Parties

7. Plaintiff comprises individual trustees who are "fiduciaries" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trustees administer the Fund at 1750 New York Avenue, N.W. Suite 400, Washington, D.C. 20006-6469.

8. Pursuant to §§ 502(a)(3), 4221(b)(1), and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiff is authorized to bring this action on behalf of the Fund, its participants, and beneficiaries for the purpose of collecting delinquent withdrawal liability.

9. Upon information and belief, Defendant Northern Steel Corp. ("Northern Steel") is a New York corporation incorporated on or about May 31, 1956.

10. Upon information and belief, Defendant Oswego Amusements, Inc. ("Oswego Amusements") is a New York corporation incorporated on or about April 24, 1951.

11. Upon information and belief, Defendant GDR Enterprises of Oswego, Inc. ("GDR Enterprises") is a New York corporation incorporated on or about October 13, 1992.

12. Upon information and belief, Defendant Speedway Press, Inc. ("Speedway Press") is a New York corporation incorporated on or about June 2, 1970.

13. Upon information and belief, Defendant George Caruso, Jr. is an individual doing business as Lockview Advertising & Promos ("Lockview Advertising"). Upon information and belief George Caruso, Jr. is a citizen of the state of New York.

14. Upon information and belief, Defendant R.J. Caruso Enterprises Inc. ("Caruso Enterprises") is a New York corporation incorporated on or about May 21, 1990.

15. Upon information and belief, since 1985 Defendant Romao Caruso has been an individual doing business in the state of New York under the name RJ Caruso Tax & Accounting.

16. Upon information and belief, Defendant Romao Caruso is a citizen of the state of New York.

17. Upon information and belief, Defendant George Caruso, Jr. has been doing business in the State of New York.

**Background Facts**

18. Northern was signatory to a collective bargaining agreement with the Shopmen's Union Local No. 612, which obligates it to make contributions for pension benefits on behalf of certain employees to the Fund. This agreement covers the period of June 1, 1995 through the present. By this agreement, Northern Steel was obligated to contribute to the Fund on behalf of covered by the agreement

19. Upon information and belief, George Caruso, Sr., William Caruso, George Caruso, Jr., Romao Caruso, and Douglas Caruso together owned 100% of outstanding stock of Northern Steel.

**Controlled Group Statute**

20. ERISA, § 4201-4225, 29 U.S.C. § § 1381 - 1461 establishes withdrawal liability for multiemployer plans. ERISA, § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer plan then the employer is liable to the plan for the amount determined to be withdrawal liability.

21. Section 4001(b)(1) extends liability for employer withdrawal liability to all "trades or businesses" that are "under common control" with the employer.

22. On or about October 2001, Northern Steel effected a "complete withdrawal" from the Fund within the meaning of Section 4203(a), 29 U.S.C. §1383(a). Northern Steel's withdrawal liability is $5,397,100.

23. Upon information and belief, as of the date of Northern Steel's withdrawal, Defendants were "trades or business"that are "under common control" with Northern Steel within the meaning of Sections 414(b) and 1563 of the Internal Revenue Code and Treasury Regulation 1.414(c)-2.

**Notice to Defendants and Failure to Pay or Request Review**

24. Pursuant to ERISA Section 4219, 29 U.S.C. § 1399, notices of withdrawal liability assessment, default, and all other notice provided under ERISA §§ 4201-4225 sent to one party constitute notice to all members of the Controlled Group.

25. By letter dated September 30, 2003 to Northern Steel, the Fund notified Defendants that it had determined that Northern Steel had withdrawn from the Fund in complete withdrawal and the amount of its withdrawal liability is $5,397,100 and that the first quarterly withdrawal liability payment in the amount of $2,832.00 must be paid by October 30, 2003.

26. Defendants failed to pay any of the quarterly withdrawal liability payments to the Fund pursuant to the schedule.

27. Defendants did not request plan sponsor review of the withdrawal liability assessment within the time period specified in § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

28. Defendants did not initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). The time for initiating arbitration has expired.

29. Pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), if no arbitration proceedings have been initiated in the time allotted by the statute then the amount demanded by the plan shall be due and owing and the plan sponsor may bring an action in a court of competent jurisdiction for collection.

### Claim Against Control Group for Withdrawal Liability

30. Each Allegation 1 through 28 is incorporated by Reference.

31. The Control Group is the "employer" for purposes of determination and assessment of withdrawal liability under Title IV of ERISA..

32. On or about February 10, 2004, the Defendants received a notice from the Fund's legal counsel pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), which stated that withdrawal liability payments were past due. The past due notice also warned the employer of the consequences of its failure to pay such liability, including the acceleration of the outstanding amount of liability if they failed to pay the delinquent withdrawal liability payments within 60 days of the receipt of the notice.

33. As a result of the Defendants' failure to timely cure its delinquency, Defendants are in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) and the entire balance of the liability is now due and owing.

34. Pursuant to §§ 502(g)(2), 515, 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2),1145,1451(b) Defendants are jointly and severally liable for: $5,387,100 in withdrawal liability; interest at the plan rate of 6 percent per annum on the delinquent withdrawal liability; an amount equal to the greater of interest on the delinquent withdrawal liability or liquidated damages of twenty percent of the delinquent withdrawal liability payments, and reasonable attorney's fees and costs.

## Prayer for Relief

WHEREFORE in light of the above, Plaintiffs request the following relief against Defendants:

(a) A judgment against Defendants, jointly and severally, for $5,387,100 in withdrawal liability plus interest at the plan rate of 6 percent per annum on the withdrawal liability, an amount equal to the greater of the interest or liquidated damages of 20 percent of the withdrawal liability, attorney's fees and costs as required by § 502(g) of ERISA, 29 U.S.C. § 1132(g).

        Respectfully Submitted,

        /s/ Marc H. Rifkind
        Marc H. Rifkind, Esq
        Slevin & Hart, P.C.
        1625 Massachusetts Avenue, NW Ste. 450
        Washington, D.C. 20036
        (P) 202-797-8700
        (F) 202-234-8231

        ATTORNEYS FOR PLAINTIFF

Dated: July 27, 2005

I:\150\NorthernSteel&ControlGroup-cmplt(final).wpd