IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES, NATIONAL SHOPMEN PENSION FUND,

                Plaintiff,

v.

NORTHERN STEEL CORP.,
364 East Ave.
Oswego, New York, 13126

OSWEGO AMUSEMENTS, INC.,
300 East Albany St.
Oswego, New York, 13126

GDR ENTERPRISES OF OSWEGO, INC.,
364 East Ave.
Oswego, New York, 13126

SPEEDWAY PRESS, INC.,
1 Burke St.
Oswego, New York, 13126

R.J. CARUSO ENTERPRISES, INC.,
364 East Ave.
Oswego, New York, 13126

GEORGE CARUSO, JR., and
1 Burke St.
Oswego, New York, 13126

ROMAO CARUSO,
796 County Rte. 53.
Oswego, New York, 13126

                Defendants.

Civil Action No.
1:05CV01479
(RWR)

## ANSWER

Defendants, by and through their undersigned attorneys, respond to the Plaintiff's complaint as follows:

{H0548394.1}

1. Defendants ADMIT that Defendant Northern Steel Corporation was at one time in the business of fabrication of certain metal products and DENY the remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint and respectfully refer all allegations regarding the law to the court for determination.

2. Paragraph 2 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

3. Paragraph 3 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

4. Paragraph 4 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

5. Paragraph 5 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

6. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 6 of the Complaint and respectfully refer all allegations regarding the law to the court for determination.

7. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 7 of the Complaint and respectfully refer all allegations regarding the law to the court for determination.

8. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 8 of the Complaint and respectfully refer all allegations regarding the law to the court for determination.

9. Defendant Northern Steel ADMITS the allegations contained in paragraph 9 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 9 of the Complaint.

10. Defendant Oswego Amusements, Inc. ADMITS the allegations contained in paragraph 10 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 10 of the Complaint.

11. Defendant GDR Enterprises of Oswego, Inc. ADMITS the allegations contained in paragraph 11 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 11 of the Complaint.

12. Defendant Speedway Press, Inc. ADMITS the allegations contained in paragraph 12 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 12 of the Complaint.

13. Defendant George Caruso, Jr. ADMITS the allegations contained in paragraph 13 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 13 of the Complaint.

14. Defendant R.J. Caruso Enterprises, Inc. ADMITS the allegations contained in paragraph 14 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 14 of the Complaint.

15. Defendant Romao Caruso ADMITS the allegations contained in paragraph 15 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 15 of the Complaint.

16. Defendants ADMIT the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Defendant George Caruso, Jr. ADMITS the allegations contained in paragraph 17 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 17 of the Complaint.

18. Defendant Northern Steel ADMITS that it was a signatory to a collective bargaining agreement with Shopmen's Union Local No. 612, which agreement speaks for itself as to its terms, and Defendant Northern Steel respectfully refers all allegations regarding the law to the Court for determination. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 18 of the Complaint.

19. Defendants DENY the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Paragraph 20 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

21. Paragraph 21 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

22. Defendants DENY the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendants DENY the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Paragraph 24 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

25. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 25 of the Complaint.

26. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 26 of the Complaint.

27. Defendant Northern Steel ADMITS that it did not request plan sponsor review of a withdrawal liability assessment and respectfully refers all allegations regarding the law to the court for determination. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 27 of the Complaint.

28. Defendant Northern Steel ADMITS that it did not initiate arbitration proceedings and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining factual allegations contained in Paragraph 28 of the Plaintiff's Complaint. The remaining Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

## Claim One:

30 Defendants reallege each and incorporate by reference each of its responses to paragraphs 1-28 in response to the allegations contained in paragraph 30.

31. Paragraph 31 of the Plaintiff's Complaint contains solely conclusions of law to which no response is required. Defendants respectfully refer all allegations regarding the law to the court for determination.

32. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the factual allegations contained in paragraph 32 of the Complaint.

33. Defendants DENY the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendants DENY the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

## First Affirmative Defense

35. The Complaint fails to state a cause of action upon which relief can be granted.

{H0548394.1}

### Second Affirmative Defense

36. Plaintiff's claims are barred in whole or in part because Defendant Northern Steel Corporation was a construction industry employer and neither continued, nor resumed within five years of cessation, the same type of work covered by the union agreement, and is not liable for withdrawal liability.

### Third Affirmative Defense

37. Defendants Oswego Amusements, Inc., GDR Enterprises of Oswego, Inc., Speedway Press, Inc., R.J. Caruso Enterprises Inc., George Caruso, Jr. and Romao Caruso are not employers for purposes of the Multiemployer Pension Plan Amendments Act of 1980, and otherwise are not signatories to, nor liable under, the multiemployer plan at issue in this action.

### Fourth Affirmative Defense

38. Plaintiff's claims should be dismissed because it has failed to satisfy the jurisdictional prerequisites to maintain this action.

WHEREFORE, defendants respectfully demand that the complaint be dismissed in its entirety with prejudice; that the Court award to the defendants their costs and attorney's fees pursuant to 29 U.S.C. § 1451(e); and such other and further relief as to the Court seems just and proper.

Dated: December 13, 2005                    Respectfully Submitted,

/s/ John D. Powers

John G. Powers, Esq., D.C. Bar No. 460829
HANCOCK & ESTABROOK, LLC
1500 MONY Tower I, Box 4976
Syracuse, NY 13221-4976
(315) 471-3151

Dirk J. Oudemool, Esq.
Jadi Raurk, Esq.

{H0548394.1}

Admitted *Pro Hac Vice*
The Monroe Building, Suite 600
333 East Onondaga Street
Syracuse, New York 13202
(315) 474-7447

*Counsel for Defendants*
*Northern Steel Corp., Oswego Amusements,*
*Inc., GDR Enterprises of Oswego, Inc.,*
*Speedway Press, Inc.,*
*R.J. Caruso Enterprises, Inc.,*
*George Caruso, Jr., and Romao Caruso*

{H0548394.1}

## Certificate of Service

I hereby certify that the foregoing Answer was served electronically via the ECF System for the District Court of the District of Columbia on December 13, 2005 upon:

> Marc H. Rifkind, Esq.
> Slevin & Hart, P.C.
> 1625 Massachusetts Ave., N.W. Ste. 450
> Washington, D.C. 20036

_____
John G. Powers

{H0548394.1}