IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOARD OF TRUSTEES,    )<br>NATIONAL SHOPMEN PENSION FUND,  )<br>                                            )<br>       Plaintiffs,                    )<br>                                            )<br>v.                                               )<br>                                            )<br>NORTHERN STEEL CORP., et al.,       )<br>                                            )<br>      Defendant.                   ) | Civil Action No. 05-cv-01479 (RWR) |

**JOINT MEET AND CONFER STATEMENT
UNDER FED. R. CIV. P. 26(f) & L.R. 16.3**

    1.      The Rule 26(f) meeting was held on January 18, 2006.

    2.      Marc Rifkind, and Brian J. Petruska, counsel for the Plaintiffs, and Jadi K. Ruark, counsel for the Defendants, participated in a telephonic conference.

**STATEMENT OF THE CASE**

    Plaintiffs' claims are brought under Sections 4201, 4212(c), and 4301(a)(1) of the Employment Retirement Income Security Act of 1973 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, as codified, 29 U.S.C. §§ 1381, 1392(c), and 1451(a)(1), and under ERISA common law. Plaintiffs seek a judgment awarding withdrawal liability, interest, and liquidated damages incurred by an employer as a result of a withdrawal from the National Shopmen Pension Fund ("Fund"), a multi-employer pension plan, as well as an award of the fees and costs incurred by the Fund in bringing this action. Defendant Northern Steel Corporation was principally engaged in the fabrication of iron, steel, metal, and other products, and the business of said Defendant affected commerce within the meanings of Sections 3(11) and (12) of ERISA, as codified, 29 U.S.C. § 1002(11) & (12), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs further allege that the remaining Defendants in this case constitute a single "employer" within the meaning of § 4001(b)(1) of ERISA, as codified, 29 U.S.C. § 1301(b)(1), are a Control Group within the meaning of the Internal Revenue Code Section 414(c), and are jointly and severally liable for the withdrawal liability of Northern Steel.

    Defendant, Northern Steel Corporation, denies receiving notice of withdrawal liability, as required under ERISA § 4202, as codified, 29 U.S.C. 1382, and therefore contests the amount claimed to be due. Northern Steel Corporation further denies liability pursuant to ERISA § 4203(b), as codified, 29 U.S.C. 1383(b), because Northern Steel Corporation was a construction industry

employer and neither continued, nor resumed within five years of cessation, the same type of work covered by the union agreement and is not liable for withdrawal liability. All remaining defendants, who are not signatories to the collective bargaining agreement, deny having any relationship with Northern Steel Corporation which would occasion liability under ERISA § 4001(b)(1), as codified, 29 U.S.C. 1383(b)(1) and deny that they constitute a Control Group within the meaning of the Internal Revenue Code Section 414(c).

The Court has jurisdiction over this action under 28 U.S.C. § 1331, as well as under ERISA §§ 502(e), 502(f), and 4301(c), as codified, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

## DISCOVERY DEADLINES

3. Initial disclosures under Fed. R. Civ. P. 26(a)(1) will be exchanged by **February 18, 2006**.

4. The parties made no agreements regarding informal discovery.

5. Deadline for Joinder of Parties and Amendment of Pleadings: **June 18, 2006.**

6. Deadline for Plaintiffs' Expert Disclosure under Rule 26(a)(2): **March 20, 2006**.

7. Deadline for Defendants' Expert Disclosure under Rule 26(a)(2): **April 19, 2006**.

8. All discovery shall be concluded by **May 19, 2006**.

9. Dispositive Motion Deadline: **July 18, 2006**.

10. Interrogatory Schedule

    Interrogatories shall be served no later than 30 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the interrogatories.

11. Schedule for Request for Production of Documents

    Requests for Production of Documents shall be served no later than 30 days after the Scheduling Conference. Responses and objections shall be required within 30 days of service of the document requests.

12. Discovery Limitations:

    Parties shall be limited to three depositions and fifty interrogatories.

## SETTLEMENT

13. The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties have not yet arrived at a resolution of this matter. Settlement discussions are ongoing.

14. The parties could benefit from the Court's Alternative Dispute Resolution procedures and would welcome mediation by a magistrate judge.

### RESOLUTION BY MAGISTRATE JUDGE

15. The parties do not consent to resolution by magistrate judge.

### DISPOSITIVE MOTIONS

16. The case likely will be resolved by dispositive motions. Dispositive motions shall be filed by July 18, 2006. Opposition to dispositive motions shall be filed within 21 days thereafter, and replies filed within 14 days of the filing of the opposition.

DATED this 19th day of January, 2006.

| | |
|---|---|
| /s/ | s/: |
| Marc H. Rifkind | Dirk J. Oudemool |
| Slevin & Hart, P.C. | Jadi K. Ruark |
| 1625 Massachusetts Avenue, NW | Attorneys at Law |
| Suite 450 | The Monroe Building, Ste. 600 |
| Washington DC 20036 | 333 East Onodaga Street |
| (202) 797-8700 (tel) | Syracuse, New York 13202 |
| (202) 234-8231 (fax) | (315) 474-7447 (tel) |
| | (315) 474-0425 |
| Attorneys for Plaintiffs | |
| | Attorney for Defendants |

H:\Clients\0150\142\Meet & Confer Statement.wpd