# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BOARD OF TRUSTEES,** | ) | |
| **NATIONAL SHOPMEN PENSION FUND,** | ) | |
| **et al.,** | ) | **Civil Action No. 05-cv-01479 (RWR)** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NORTHERN STEEL CORP., et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFFS' INTERROGATORIES TO
### DEFENDANT GDR ENTERPRISES OF OSWEGO, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs request that the defendant, GDR Enterprises Of Oswego, Inc., answer the following interrogatories within 30 days of service hereof. Answers to all interrogatory questions must be provided in writing and under oath, signed by an authorized official of GDR Enterprises Of Oswego, Inc.

### DEFINITIONS AND INSTRUCTIONS

A. The terms, "defendant," "you," "yourself," and "your" refers to defendant, GDR Enterprises Of Oswego, Inc., your partners, employees, agents, attorneys or representatives, and every person connected with defendant in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of

-1-

any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

D. "Identify" shall have the following meanings:

(1)  When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(2)  When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with defendant.

(3)  When used in reference to a document, the response shall state the type of document ( e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, defendant may attach a copy of the document to its answers.

(4)  When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in

the manner described in subparagraph (3) above.

E. "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

F. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

G. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

K. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

L.  If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer.  If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant.  If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden.  For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify your business location and business purpose.

**INTERROGATORY NO. 2**:  Identify all officers and directors of GDR Enterprises Of Oswego, Inc. during the preceding ten years.  For each person identified, please state the person's title and the periods they served in that capacity.

**INTERROGATORY NO. 3**:  Identify all shareholders of GDR Enterprises Of Oswego, Inc. during the preceding ten years.  For each person or entity identified, please state the time periods and percentage of ownership.

**INTERROGATORY NO. 4**:  Identify all bank accounts maintained by GDR Enterprises Of Oswego, Inc. during the preceding ten years.  For each account, state the name and location of the bank and the account number.

**INTERROGATORY NO. 5**:  Describe in detail the procedure for issuance of or subscription to stock for GDR Enterprises Of Oswego, Inc.

**INTERROGATORY NO. 6**: Identify the person or persons at GDR Enterprises Of Oswego, Inc. who is/are responsible for the following decisions: buying and selling property, entering into contracts, borrowing money, securing indebtedness, authorizing payments and distributions.

**INTERROGATORY NO. 7**: State in detail the relationship among and between the shareholders, directors, and owners of GDR Enterprises Of Oswego, Inc. and the other defendants named in this action.

**INTERROGATORY NO. 8**: State in detail when corporate meetings, including but not limited to meetings of the directors of GDR Enterprises Of Oswego, Inc.., were held during the preceding ten years.

**INTERROGATORY NO. 9**: Identify any and all documents reflecting the meetings described in your answer to Interrogatory No. 8.

**INTERROGATORY NO. 10**: Identify any equipment and employees that GDR Enterprises Of Oswego, Inc. shares with or leases from any of the other defendants in this action.

**INTERROGATORY NO. 11**: Describe in detail how and where the corporate records of GDR Enterprises Of Oswego, Inc. were and are maintained during the preceding ten years.

**INTERROGATORY NO. 12**: State in detail all facts and identify all documents which support your denial of Paragraph 19 of Plaintiffs' Complaint.

**INTERROGATORY NO. 13**: State in detail all facts and identify all documents which support your denial of Paragraph 22 of Plaintiffs' Complaint.

**INTERROGATORY NO. 14**: State in detail all facts and identify all documents which support your Third Affirmative Defense as stated in your answer to Plaintiffs' Complaint.

**INTERROGATORY NO. 15**: Identify each person who participated or assisted in responding to the these interrogatories.

**INTERROGATORY NO. 16**: Without regard to the manner by which the information has been obtained, state the name, address, telephone number and title of each and every person whom defendant believes has knowledge of any facts or information relating to the subject matter of this litigation and give a detailed description of the knowledge believed to be possessed by such individual.

**INTERROGATORY NO. 17**: If not heretofore provided and without regard to the manner by which the information has been recorded or memorialized, describe the contents, date and name, address and telephone number(s) of the custodian of every such document that defendant believes or has reason to believe contains factual matters, calculations, data, or other information relating to the allegations made in Plaintiffs' Complaint and Defendants' answer and affirmative defenses thereto and/or otherwise related to the subject matter of this litigation.

**INTERROGATORY NO. 18**: Describe in detail all assets held by you during the last five years to the present date.

**INTERROGATORY NO. 19**: Describe in detail your document retention policy during the last five years to the present date.

**INTERROGATORY NO. 20**: If you contend in answer to these interrogatories or in your answers to Plaintiffs' request for production of documents that documents have been destroyed or are otherwise unavailable, describe in detail the circumstance(s) by which the document(s) came to be destroyed or made otherwise unavailable.

**INTERROGATORY NO. 21**: Identify the person or entity that is paying your attorneys

fees in this action.

Dated: June 30, 2006                              Respectfully submitted.


                                                  _____
                                                  Marc H. Rifkind
                                                  Slevin & Hart, P.C.
                                                  1625 Massachusetts Avenue, N.W.
                                                  Suite 450
                                                  Washington, D.C. 20036
                                                  (202)797-8700 (Telephone)
                                                  (202)234-8231 (Facsimile)

                                                  Attorneys for the Plaintiffs

## Certificate of Service

I certify that on this 30th day of June 2006, I caused the foregoing document to be

served by U.S. Mail, with postage pre-paid, and by UPS delivery to:

> Dirk J. Oudemool
> Attorney at Law
> The Monroe Building, Ste. 600
> 333 East Onodaga Street
> Syracuse, New York 13202

Attorney for Defendant