# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOARD OF TRUSTEES,<br>NATIONAL SHOPMEN PENSION FUND,<br>et al.,<br>    Plaintiffs,<br><br>v.<br><br>NORTHERN STEEL CORP., et al.,<br><br>    Defendants | Civil Action No. 05-cv-01479 (RWR) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OSWEGO AMUSEMENTS, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs request that the defendant, Oswego Amusements, Inc., produce to Plaintiffs the documents requested below within 30 days of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

A. The terms, "defendant," "you," "yourself," and "your" refers to defendant, Oswego Amusements, Inc., your partners, employees, agents, attorneys or representatives, and every person connected with defendant in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence,

letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

    D. "Identify" shall have the following meanings:

    (1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

    (2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with defendant.

    (3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, defendant may attach a copy of the document to its answers.

    (4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

    E. "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

F. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

G. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

K. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

L. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object

or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Produce all documents identified within Plaintiffs' Interrogatories To Defendant Oswego Amusements, Inc. or within your responses thereto, or otherwise related to your responses thereto.

**REQUEST NO. 2:**   Produce your tax returns for the 2002 through 2005 tax years.

**REQUEST NO. 3:**   Produce your Articles of Incorporation and any amendments thereto.

**REQUEST NO. 4:**   Produce all financial statements whether audited or unaudited.

**REQUEST NO. 5:**   Produce any appraisals of assets of Defendant Oswego Amusements, Inc. performed in the last three years.

**REQUEST NO. 6:**   Produce copies of all shareholder certificates for Defendant Oswego Amusements, Inc. or other proof of ownership.

**REQUEST NO. 7:**   Produce promissary notes with respect to all loans to or from you and any evidence of payment and demands on those notes.

**REQUEST NO. 8:**   Produce minutes or any other recordings of your board of directors.

**REQUEST NO. 9**:   Produce corporate resolutions or other documents reflecting decisions of the shareholder(s) and director(s).

**REQUEST NO. 10**:   Produce any documents including calender entries that reflect meetings of your board of directors including dates thereof.

**REQUEST NO. 11**:   Produce records showing all distributions to your officers or shareholders during the last four years.

**REQUEST NO. 12**:   Produce bank records of all your transactions during the past five years.

**REQUEST NO. 13**:   Produce copies of all insurance policies maintained by you, including applications for insurance.

**REQUEST NO. 14**:   Produce copies of any and all loan applications made by you in last six years.

**REQUEST NO. 15**:   With respect to the issuance of your stock, produce evidence of any and all formal approvals of a stock issue by an independent board of directors.

**REQUEST NO. 16**:   Produce the financial records of your shareholders, directors and owners for last four years.

**REQUEST NO. 17**:   Produce records of any employees and/or equipment that you shared with any of the other named defendants in this case.

**REQUEST NO. 18**: Produce all contracts and agreements entered into by you during the last five years, including a copy of the retainer agreement between you and your attorneys in the present case

Dated: June 30, 2006

Respectfully submitted.

Marc H. Rifkind
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, D.C. 20036
(202)797-8700 (Telephone)
(202)234-8231 (Facsimile)

Attorneys for the Plaintiffs

## Certificate of Service

I certify that on this 30th day of June 2006, I caused the foregoing document to be served by U.S. Mail, with postage pre-paid, and by UPS delivery to:

>   Dirk J. Oudemool
>   Attorney at Law
>   The Monroe Building, Ste. 600
>   333 East Onodaga Street
>   Syracuse, New York 13202

Attorney for Defendant

_____