IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOARD OF TRUSTEES,<br>NATIONAL SHOPMEN PENSION FUND,<br>et al.,<br>　　　　Plaintiffs,<br><br>v.<br><br>NORTHERN STEEL CORP., et al.,<br>　　　　Defendants | Civil Action No. 05-cv-01479 (RWR) |

### DECLARATION OF A.H. HIGGS, JR.

I, A.H. HIGGS, JR., pursuant to 28 U.S.C. § 1746, declare:

1. I am employed by the National Shopmen Pension Fund (the "Fund") as the Fund Administrator.

2. I work under the direction of the Fund's Board of Trustees.

3. The Plaintiff in this case comprises individual trustees who are "fiduciaries" with respect to the Fund as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of § 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

4. The Fund is a multiemployer pension plan within the meaning of § § 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § § 1002(37) and 1301(a)(3).

5. At all times relevant hereto, Northern Steel was signatory to a collective bargaining agreement with Shopmen's Union Local 612, which obligates it to make contributions for pension benefits on behalf of certain employees to the Fund.

6. ERISA requires that withdrawal liability be assessed against contributing

employers who withdrawal from the Fund after September 26, 1980.

7. Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits ("UVBs") to the withdrawing employer pursuant to one of the methods authorized by ERISA.

8. The method approved by the Fund's Board of Trustees is the "attributable rule".

9. A withdrawn employer's liability under the attributable rule is the sum of: (1) the difference between the UVBs of its employees and its allocated share of the Fund's assets; and (2) a proportional share of the Fund's UVBs that are not allocated to any contributing employer.

10. In accordance with ERISA § 4201- 4225, 29 U.S.C. § § 1381-1461, the Fund determined that Northern Steel had effected a complete withdrawal from the Fund as of October, 2001 and determined its withdrawal liability to be $5,397,100.00. A true and correct copy of that calculation is attached hereto as Exhibit A.

11. By letter dated September 30, 2003 to Northern Steel at 364 East Avenue, Oswego, N.Y. 13126, the Fund notified defendants that it had determined that Northern Steel had withdrawn from the Fund in complete withdrawal and that the amount of its withdrawal liability is $5,397,100 and that the first quarterly payment in the amount of $2,832.00 must be paid by October 30, 2003. A true and correct copy of that letter is attached hereto as Exhibit B.

12. By letter dated February 10, 2004, to Northern Steel in care of its President, George H. Caruso, at 255 Syracuse Avenue, Oswego, NY 13126-3130, the Fund again notified defendants that had determined that Northern Steel had withdrawn from the Fund in complete withdrawal and that the amount of its withdrawal liability is $5,397,100 and that the first quarterly payment in the amount of $2,832.00 must be paid. A true and correct copy of that letter is attached hereto as Exhibit C.

13. Based upon the repayment schedule in the above mentioned Notices, Northern Steel was to pay $2,832.00 per month for 240 months. This would have resulted in a total payment of $679,680.00 of the full withdrawal liability. This is the amount owed to the Fund under ERISA.

14. Defendants failed to pay any of the quarterly withdrawal liability payments to the Fund, did not request plan sponsor review of the withdrawal liability payments, and did not initiate arbitration at any point.

15. Based upon the collections policy adopted by the Board of Trustees, Northern Steel is also liable for interest on the withdrawal liability at the IRS rate, currently 7%, and liquidated damages in the amount of 20 per cent of the withdrawal liability.

I declare under penalty of perjury that the foregoing is true an correct.

Executed this 2nd day of April, 2007, in Washington, D.C.

_____
A.H. HIGGS, JR.

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, 2007, I caused the foregoing document to be served ECF notification, upon the following party:

> Dirk J. Oudemool
> Attorney at Law
> The Monroe Building, Ste. 600
> 333 East Onodaga Street
> Syracuse, New York 13202
>
> Attorney for Defendant

/s/ Jeffrey S. Swyers
Jeffrey S. Swyers