


# ✶SEGAL

**THE SEGAL COMPANY**
1920 N Street, N.W., Suite 400  Washington, DC 20036-1659
T 202.833.6400  F 202.833.6490  www.segalco.com

August 20, 2003

Mr. A. H. Higgs, Jr.
Administrator
National Shopmen Pension Fund
1750 New York Avenue, NW, Suite 701
Washington, DC  20006

    Re:    **Withdrawal Liability Calculation for**
             **Northern Steel Corporation**
             **Employer No. 450, SLU No. 612**

Dear Mr. Higgs:

Based on the data provided by your office dated July 22, 2003, we have calculated the withdrawal liability for the employer named above.

Since the termination of participation occurred as of October 2001, the calculations are based on factors and assumptions as of June 30, 2001, the last plan year ended before withdrawal.

The withdrawal liability in this case consists of the following:

| | | |
|---|---|---:|
| 1. | Present value of vested benefits attributable to participation by Northern Steel Corporation in the National Shopmen Pension Plan | $ 2,085,500 |
| 2. | Allocated share of assets of the National Shopmen Pension Plan | (3,311,600)[1] |
| 3. | Unfunded vested benefits attributable to Northern Steel Corporation: (1) – (2), not less than zero | $ 5,397,100 |
| 4. | Amount of obligation excused under the de minimis provisions | -0- |
| 5. | Withdrawal liability payable: (3) – (4) | $ 5,397,100 |

---

[1]  A negative allocated share of assets is the result of payments attributable to the employer in excess of contributions made by that employer.

Benefits, Compensation and HR Consulting  ATLANTA  BOSTON  CHICAGO  CLEVELAND  DENVER  HARTFORD  HOUSTON  LOS ANGELES  MIN
NEW ORLEANS  NEW YORK  PHILADELPHIA  PHOENIX  SAN FRANCISCO  SEATTLE  TORONTO  WASHINGTON, DC


Multinational Group of Actuaries and Consultants  AMSTERDAM  BARCELONA  GENEVA  HAMBURG  LONDON  MELBOURNE  MEXICO CITY  OS

**EXHIBIT A**

Mr. A. H. Higgs, Jr.
August 20, 2003
Page 2

Please note that for purposes of this calculation:

1.  Vesting service and benefit improvements through the withdrawal date (10/2001) are used in the determination of the present value of vested benefits.

2.  The benefit service used in the determination of the present value of vested benefits is as of June 30, 2001.

3.  Contributions made and benefits paid after June 30, 2001 have not been considered in the allocation of assets.

A statement of the assumptions used in our calculations is enclosed.

Sincerely,

*Lorraine R. Bergstresser*
Lorraine R. Bergstresser
Enrolled Actuary No. 02-5255

LRB/lws

Attachment

163814/01684.005

## ACTUARIAL ASSUMPTIONS FOR
## NATIONAL SHOPMEN PENSION FUND
## WITHDRAWAL LIABILITY

Determination of the value of vested benefits has to be based on a set of actuarial assumptions. The law prescribes that the assumptions and methods used must be reasonable in the aggregate. It also authorizes the Pension Benefit Guaranty Corporation (PBGC) to promulgate other assumptions and methods for use by the Plan's actuary. However, the PBGC has not yet promulgated withdrawal liability assumptions, except in the event of plan termination by mass withdrawal.

As of June 30, 2001, the withdrawal liability calculations are based on the same actuarial assumptions and asset value as applied in the actuarial valuation for Plan funding, with no expense loading.

1. <u>Valuation Investment Return:</u> 7.50%

2. <u>Expenses</u>

    Allowance by discount implicit in investment return rate assumed.

3. <u>Mortality</u>

    1983 Group Annuity Mortality Table for healthy lives;
    1983 Railroad Retirement Board Disabled Annuitants Table for disabled lives.

4. <u>Retirement Age</u>

    For asset allocations and plan-wide withdrawal liability present value determination:

    From active service — Age 59, or completion of service requirement, if later.

    From inactive vested status -- Either first age eligible for an unreduced pension or 55 if eligible for less than 6% per year early retirement reduction.

    For individual withdrawal liability present value determinations:

    From active or inactive vested status -- First age eligible for an unreduced pension. (Age 55, if eligible for less than 6% per year early retirement reduction.)

5. <u>Actuarial Value of Assets</u>

    Sum of actuarial value at beginning of year and increase in cost value during year excluding realized capital gains or losses plus 20% of market value at end of year in excess of that sum, plus additional adjustment as necessary so that final actuarial value is within 20% of market value.



**THE SEGAL COMPANY**
1920 N Street, N.W., Suite 400  Washington, DC 20036-1659
T 202.833.6400  F 202.833.6490  www.segalco.com

SEP 1 5 2003

# MEMORANDUM

FROM:  Lorraine R. Bergstresser  *LRB*          DATE:  September 12, 2003

TO:    A. H. Higgs, Jr., Administrator
       National Shopman Pension Fund

RE:    **Withdrawal Liability Payment Schedule --
       Northern Steel Corporation, ER# 450**

As requested, we have reviewed the payment schedule for the above withdrawn employer. We have checked the form using the hours provided and have no changes.

Please note a few typographical errors that we have noted on the enclosed form.

If you have any questions, please let us know.

164850/01684.005

Benefits, Compensation and HR Consulting  ATLANTA BOSTON CHICAGO CLEVELAND DENVER HARTFORD HOUSTON LOS ANGELES MINNEAPOLIS
NEW ORLEANS NEW YORK PHILADELPHIA PHOENIX SAN FRANCISCO SEATTLE TORONTO WASHINGTON, DC

Multinational Group of Actuaries and Consultants  AMSTERDAM BARCELONA GENEVA HAMBURG LONDON MELBOURNE MEXICO CITY OSLO PARIS

## NATIONAL SHOPMEN PENSION FUND

### Withdrawal Liability for Withdrawals 7/1/2001 through 6/30/2002

| | | | |
|---|---|---|---|
| (a) | Employer | ............................................................... | Northern Steel Corporation |
| (b) | Date of withdrawal | ............................................................... | October-2001 |
| (c) | Value of vested benefits | ............................................................... | $2,085,500.00 |
| (d) | Allocated assets | ............................................................... | -$3,311,600.00 |
| (e) | Withdrawal liability = (c) - (d) | ............................................................... | $5,397,100.00 |
| (f) | Deductible | ............................................................... | $0.00 |
| (g) | Amount to amortize | ............................................................... | $5,397,100.00 |
| (h) | Hours of contributions, fiscal years ended 6/30: | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1992 | 33,194.00 | 1995 | 37,027.00 | 1998 | 16,171.00 | 2001 | 16,252.00 |
| 1993 | 27,014.00 | 1996 | 31,324.00 | 1999 | 15,977.00 | | |
| 1994 | 32,988.00 | 1997 | 20,034.00 | 2000 | 15,813.00 | | |

| | | |
|---|---|---|
| (i) | Highest consecutive three-year average hours | 33,780 |
| (j) | Highest contribution rate prior to termination | $1.00 |
| (k) | Required annual payment = (i) X (j) | $33,780.00 |
| (l) | Amortization ratio = g/k | 159.772054 |
| (m) | Largest value in Table Column I which is less than (l) | 10.959078 |
| (n) | Number of years for value (m) | 20 |
| (o) | Amount amortized in (n) years = (k) x (m) | $370,198 |
| (p) | Amount left to amortize = (g) - (o) | $5,026,902 |
| (q) | Table Column II value for (n) years | 4.247851 |
| (r) | Amount to amortize in the final year = (p) X (q): show 0 if (n) = 20 | 0 |
| (s) | Quarterly payment = (k) divided by 4 | $8,445 |
| (t) | Adjusted monthly payment = (s)/2.98201 | $2,832 |
| (u) | Full quarters to pay in final year = (r)/(s), truncate the result (integers only) | 0 |
| (v) | Amount to pay in final quarter (r) - [(u) X (s)] | 0 |
| (w) | Full monthly payments in final quarter = (v)/(t), truncate the result (integers only) | 0 |
| (x) | Number of full montly payments = [12 x (n)] + [3 x (u)] + (w) | 240 |
| (y) | Final payment = v - [(w) x (t)] | 0 |

Employer payment schedule:

$2,832 per month for     240 months plus a   final payment     0

Note: Monthly payments are adjusted for interest to be equivalent to quarterly payments (PBGC letter ruling 85-18).

Page 1