



EXHIBIT A

**National Shopmen Pension Fund**
Suite 701 • 1750 New York Avenue, N.W. Washington, D.C. 20006-5301
Telephone No: (202) 383-4874 • Fax No. (202) 628-6469

VIA CERTIFIED MAIL

September 30, 2003

Northern Steel Corporation
364 East Avenue
Oswego, NY 13126

Re: Withdrawal Liability Determination and Demand for Payment: Employer No. 450, SLU No. 612

Dear Sir or Madam:

The Trustees of the National Shopmen Pension Fund (hereafter "Fund") hereby notify you of Northern Steel Corporation's withdrawal liability to the Fund and demand payment thereof. The Fund's records indicate that Northern Steel Corporation withdrew from the Fund as of October 2001.

The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, requires that withdrawal liability be assessed against contributing employers who withdraw from the Fund after September 26, 1980 (29 U.S.C. Section 1381). Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits ("UVBs") to the withdrawing employer pursuant to one of the methods authorized by ERISA. The method adopted by the Trustees of the Fund is the "attributable rule". A withdrawn employer's liability under the attributable rule is the sum of: (1) the difference between the UVBs of its employees and its allocated share of the Fund's assets; and (2) a proportional share of the Fund's UVBs that are not allocated to any contributing employer. The Trustees of the Fund have directed the Fund's actuaries, The Segal Company, to calculate Northern Steel Corporation withdrawal liability. The amount of the liability has been determined to be $5,397,100. A copy of their assumptions used in this calculation is enclosed.

ERISA requires the Trustees to establish a schedule for the payment of withdrawal liability. Annual payments are based on a statutory formula and are to be paid in equal monthly installments (with interest at an annual rate of 7.5%) over a period of years necessary to amortize the liability. Northern Steel Corporation's repayment schedule, therefore, is as follows: Employer is to pay $2,832.00 per month for 240 months. The Fund hereby demands that you begin payment in accordance with the schedule no later than October 30, 2003. This repayment schedule will result in a total payment of only $679,680 of the full withdrawal liability. ERISA Section 4219 (c)(1)(B) limits the liability of the company to a twenty-year repayment plan. Accordingly, your company is not obligated to pay the full amount of the liability. You may, if you wish, pay the entire amount due, without penalty. Payments must be made notwithstanding any request for review of the withdrawal liability.

Document #: 17349

Northern Steel Corporation.
September 30, 2003
Page 2

A withdrawn employer may, no later than 90 days after receipt of this letter, request a review of the determination, identify any inaccuracy in the Fund's determination of withdrawal liability which may exist, or furnish additional relevant information.

This letter constitutes notice of the withdrawal liability to Northern Steel Corporation. and all groups of trades or businesses under common control or common ownership with Northern Steel Corporation. The Fund hereby demands that you provide within 30 days the names, addresses, and officer names of any and all corporations, companies or entities within the common control group of Northern Steel Corporation or under common ownership of the stockholders of Northern Steel Corporation. Northern Steel Corporation is required to provide this information to the Fund within 30 days by 29 U.S.C. Section 1399.

If the Fund is required to bring suit to collect withdrawal liability, the withdrawn employer also becomes liable for interest, liquidated damages (in the amount of 20% of the amount due), and all costs of collection, including attorneys' fees.

We trust that payments will begin as scheduled. If you have any questions about this matter, do not hesitate to contact the Fund Office.

Sincerely,

A.H. Higgs, Jr.
Administrator

AHH/jw
enclosure
cc: Marc Rifkind, Fund Counsel
    SLU #612

Document #: 17349